[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10954
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00139-TWT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SIMON CHAVEZ-MACIEL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 8, 2014)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

The sole question before the court in this appeal is whether the sentence the District Court imposed after revoking appellant's supervised release is substantively unreasonable.

On August 31, 2009, appellant, a native and citizen of Mexico, having pled guilty to illegal reentry following a conviction for an aggravated felony under 18 U.S.C. §§ 1326(a) and (b), was sentenced to 37 months' imprisonment and three-years supervised release. He was released from confinement on November 30, 2011, and deported the following month. He attempted to reenter the United States without authorization at San Ysidro, California, on August 20, 2012, and was arrested on the spot. On October 9, 2012, he pled guilty in the Southern District of California to an information charging him with a violation of 18 U.S.C. §§ 1326(a) and (b). On December 28, 2012, the court sentenced him to a prison term of 18 months.

Meanwhile, on August 31, 2012, the District Court issued an order requiring appellant to show cause why his supervised release imposed on August 31, 2009, should not be revoked. On January 17, 2014, he made his initial appearance in the Northern District of Georgia and was ordered detained. On February 19, 2014, he appeared before the District Court for a revocation hearing and did not contest the validity of the grounds for revocation. The presentence report submitted to the District Court and parties indicated that appellant had been deported four times and

2

had an extensive criminal history while present in the United States.  His criminal history category was VI, which coupled with an offense level of 13, yielded an advisory Guidelines range of 33 to 41 months.  The court sentenced him to a prison term of 37 months.  He now appeals his sentence, arguing that it is substantively unreasonable in light of the fact that he attempted to enter the United States to visit his sick mother and, moreover, had already been sentenced to a term of 18 months.  We affirm.

We find no procedural unreasonableness in appellant's sentence.  Whether it is substantively unreasonable depends on whether the District Court properly considered the sentencing factors of 18 U.S.C. § 1553(a).  In light of those factors, we conclude that appellant's sentence is substantively reasonable.  The court fully considered the § 3553(a) factors, the reason he gave for attempting to reenter the United States, and the 18-months' term imposed in the Southern District of California.  Moreover, the sentence is within the Guidelines range and well below the statutory maximum sentence of 20 years' imprisonment.

AFFIRMED.